UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
- - - - - - - - - - - - - - - x
                              :
UNITED STATES OF AMERICA      :   No.  3:15CR76(RNC)
                              :
          vs.                 :
                              :
UBS AG,                       :
                              :   HARTFORD, CONNECTICUT
              Defendant.      :   MAY 20, 2015
                              :
- - - - - - - - - - - - - - - x
```

PLEA

BEFORE:

HON. ROBERT N. CHATIGNY, U.S.D.J.

Darlene A. Warner, RDR-CRR
Official Court Reporter

APPEARANCES:


     FOR THE GOVERNMENT:

          U.S. DEPARTMENT OF JUSTICE
          1400 New York Avenue, NW
          Fourth Floor
          Washington, DC 20005
          BY:  SANDRA LEIGH MOSER, TRIAL ATTY

     FOR THE DEFENDANT:

          GIBSON, DUNN & CRUTCHER
          1050 Connecticut Ave., N.W.
          Washington, DC 20036-5303
          BY:  DAVID P. BURNS, ESQ.
              F. JOSEPH WARIN, ESQ.

          MEREDITH C. BRAXTON, ESQ.
          280 Railroad Avenue, Suite 205
          Greenwich, Connecticut 06830

1                          10:30 A.M.

2

3          THE COURT:  Good morning.  Would you please

4    state your appearances.

5          MS. MOSER:  Yes, good morning, Your Honor,

6    Sandra Moser with the U.S. Department of Justice Criminal

7    Divisions Fraud Section.

8          MS. BRAXTON:  Meredith Braxton for the defendant

9    UBS AG.

10          Your Honor, as an initial matter, I have motions

11    to admit Attorneys Joseph Warin and David Burns pro hac

12    vice.  I have written motions I can file tomorrow when the

13    case is open that include the affidavits that are required

14    by 83.1, and if you would like to look at them, I can hand

15    them up.

16          THE COURT:  That's fine, thank you.

17          All right, your request is granted.

18          MS. BRAXTON:  And further, Your Honor, pursuant

19    to 83.1, may I be excused from appearing in court further

20    and participating in the proceedings in the future?

21          THE COURT:  Yes.

22          MS. BRAXTON:  Thank you, Your Honor.

23          MR. BURNS:  And good morning, Your Honor, I

24    wanted to also introduce the corporate representative from

25    UBS, James Fuqua, who is a managing director at UBS and

1    the general counsel for the Investment Bank of the

2    Americas.

3              THE COURT:  Good morning.

4              I have received paperwork showing that UBS AG

5    has entered into a plea agreement with the government

6    whereby it would like to waive its right to indictment and

7    consent to the filing of an information charging wire

8    fraud.  In addition, it's my understanding that the

9    company would like to enter a plea of guilty today.

10             Ms. Moser, is that correct?

11             MS. MOSER:  That is, Your Honor.  The parties

12   have reached an agreement pursuant to Rule 11(c)(1)(C) of

13   the Rules of Criminal Procedure regarding a proposed plea

14   for Your Honor's review.

15             THE COURT:  All right, fine.

16             The parties submitted a document to chambers

17   entitled "Parties' Joint Proposed Outline."

18             Mr. Fuqua, have you see that outline?

19             CORPORATE REPRESENTATIVE:  Yes, I have, Your

20   Honor.

21             THE COURT:  We will be proceeding more or less

22   in accordance with that outline.

23             At the start, I need to be sure that you are

24   duly authorized to act on behalf of UBS AG.

25             Mr. Burns, is there a resolution?

1          MR. BURNS:  There is, Your Honor.  It is

2     Exhibit 2 to the proposed plea agreement, and we can hand

3     it up to Your Honor with your permission.

4          THE COURT:  All right.  Let me please take a

5     look at that now.

6          MS. MOSER:  Sure.  And Your Honor, what I'm

7     handing up is the fully executed plea agreement with all

8     of the attachments and the proposed corporate resolution

9     is attached here as Exhibit 2.

10          THE COURT:  All right, thank you.

11          Mr. Fuqua, the applicable rules require me to

12     ask a number of questions today in your capacity as the

13     representative of UBS AG, and in connection with that, I

14     need to ask the clerk to place you under oath at this

15     time.

16          THE CLERK:  I'm going to ask you to raise your

17     right hand.

18               (Corporate Representative sworn.)

19          THE CLERK:  Thank you.

20          THE COURT:  Please state your full name and

21     business address for the record.

22          CORPORATE REPRESENTATIVE:  James Fuqua, 153 West

23     51st Street, New York, New York.

24          THE COURT:  What is your position, please, sir?

25          CORPORATE REPRESENTATIVE:  Managing Director of

1    UBS AG New York branch, and I act as general counsel for

2    the Investment Bank of the Americas.

3              THE COURT:  Is it your understanding that you

4    are duly authorized to act on behalf of UBS AG today?

5              CORPORATE REPRESENTATIVE:  Yes, it is, Your

6    Honor.

7              THE COURT:  Are you prepared to proceed?

8              CORPORATE REPRESENTATIVE:  Yes, I am.

9              THE COURT:  Do you need a postponement for any

10   reason?

11             CORPORATE REPRESENTATIVE:  No, I do not.

12             THE COURT:  Please be seated.

13             Mr. Fuqua, have you reviewed the resolution that

14   is set out at Exhibit 2 to the plea agreement?

15             CORPORATE REPRESENTATIVE:  Yes, I have, Your

16   Honor.

17             THE COURT:  Can you state that to the best of

18   your knowledge it is a true and accurate copy of a

19   resolution of the Board of the company passed on May 19,

20   2013, authorizing you to act on behalf of the company

21   today?

22             CORPORATE REPRESENTATIVE:  Yes, I can.

23             THE COURT:  As far as you know, is that valid?

24             CORPORATE REPRESENTATIVE:  Yes.

25             THE COURT:  Mr. Burns, do you have any doubt

1    about Mr. Fuqua's competence to proceed today on behalf of

2    UBS AG?

3                 MR. BURNS:  I do not, Your Honor.

4                 THE COURT:  Or his authority to do so?

5                 MR. BURNS:  No.

6                 THE COURT:  Mr. Fuqua, is your mind clear this

7    morning?

8                 CORPORATE REPRESENTATIVE:  Yes, it is, Your

9    Honor.

10                THE COURT:  Are you having any difficulty

11   understanding what is going on?

12                CORPORATE REPRESENTATIVE:  No, I'm not.

13                THE COURT:  Given your state of mind today, do

14   you believe that you are capable of acting on behalf of

15   the company?

16                CORPORATE REPRESENTATIVE:  I do.

17                THE COURT:  Are you satisfied with the legal

18   services that are being provided to the company by

19   counsel?

20                CORPORATE REPRESENTATIVE:  Yes, Your Honor.

21                THE COURT:  Mr. Burns, do you know of any reason

22   why we should not proceed at this time?

23                MR. BURNS:  I do not.

24                THE COURT:  Let's first deal with the company's

25   desire to waive its right to indictment.

1          Has a written waiver been prepared?

2          MR. BURNS:  Your Honor, we have the waiver here,

3    and with the Court's permission, we would like to change

4    where it says "I" or "me" or "my" to "the defendant" or

5    "the defendants" to make it clear that Mr. Fuqua is

6    waiving on behalf of the company as a corporate

7    representative and not a natural person and to change the

8    signature to corporate representative signature.

9          And, Your Honor, would you like me to bring this

10   up to the bench?

11         THE COURT:  Yes, please.

12              (Pause)

13         THE COURT:  Mr. Fuqua, have you read the

14   information that the parties propose to have the Court

15   file here?

16         CORPORATE REPRESENTATIVE:  I have, Your Honor.

17         THE COURT:  Have you had sufficient time to

18   review that with counsel?

19         CORPORATE REPRESENTATIVE:  I have, Your Honor.

20         THE COURT:  The information charges a felony.

21   Under the Constitution, the company has a right to insist

22   on indictment by a grand jury.  Under the Constitution,

23   the corporation may not be prosecuted for a felony except

24   pursuant to an indictment returned by a grand jury, but

25   the company does have a right to waive indictment by a

1    grand jury and we can proceed on the basis of an

2    information.

3            If the company does not waive its right to

4    indictment by a grand jury, it could not be charged with

5    this felony unless the grand jury were to find probable

6    cause to believe that an offense has been committed by the

7    company as set out in the information.

8            Please understand that a grand jury consists of

9    at least 16 and not more than 23 people.  A grand jury

10   could not indict the company for the crime charged in the

11   information unless 12 members of the grand jury found

12   probable cause to believe that the company had committed

13   this crime.

14           If you waive the company's right to indictment

15   by a grand jury, the case will proceed against the company

16   pursuant to the information just as though the company had

17   been indicted by a grand jury.

18           Have you discussed the company's right to

19   indictment by a grand jury with your counsel?

20              CORPORATE REPRESENTATIVE:  I have, Your Honor.

21              THE COURT:  Are you satisfied that you

22   understand this right?

23              CORPORATE REPRESENTATIVE:  I am, Your Honor.

24              THE COURT:  Are you prepared to waive this

25   right?

1           CORPORATE REPRESENTATIVE:  I am, Your Honor.

2           THE COURT:  Have any threats or promises been

3    made to the company to induce it to waive its right to

4    indictment by a grand jury?

5           CORPORATE REPRESENTATIVE:  None, Your Honor.

6           THE COURT:  Mr. Burns, do you know of any reason

7    why the company should not waive its right to indictment

8    by a grand jury?

9           MR. BURNS:  No, Your Honor.

10          THE COURT:  All right.  It appears to me that

11   Mr. Fuqua, having been duly authorized to act on behalf of

12   the company, has waived the company's right to indictment

13   by a grand jury.  This waiver is a knowing and voluntary

14   waiver and it is therefore accepted.

15          Do you have the information for filing?

16          MS. MOSER:  I do, Your Honor.

17          THE COURT:  It may be filed at this time.

18          At this time I'm going to ask Ms. Moser to

19   briefly describe the charge set forth in the information,

20   please.

21          MS. MOSER:  Of course, Your Honor.

22          The information is a single count.  It charges a

23   violation of Title 18 United States Code Sections 1343 and

24   2, the wire fraud statute.

25          The elements of that charge are:

1              First, that there was a scheme or artifice to

2    defraud or to obtain money or property by materially false

3    and fraudulent pretenses, representations or promises;

4              Second, that the defendant knowingly and

5    willfully participated in the scheme or artifice to

6    defraud with the intent to defraud; and

7              Third, that in furtherance of that scheme, the

8    defendant used or caused to be used an interstate or

9    international wire transmission.

10             And I should add that the date of the violation

11   charged in the information is on or about June 29, 2009.

12             THE COURT:  All right.  What are the maximum

13   possible penalties that could be imposed if the company

14   were to plead guilty to this charge?

15             MS. MOSER:  The wire fraud offense charged in

16   the information carries a maximum penalty of five years

17   probation and a fine of $1 million or the greater of twice

18   the gross gain to the defendant or loss to others

19   resulting from the offense.  Restitution is also normally

20   required pursuant to Title 18 United States Code

21   Section 3663A.  However, there's an exception to that

22   provision contained within the statute at

23   Section 3663A(c)(3)(B), which is applicable in that it

24   provides that the requirement of restitution does not

25   apply in a situation where determining complex issues of

 1     fact relating to the cause or the amount of the victim's

 2     losses would complicate or prolong the sentencing process

 3     to a degree that the need to provide restitution to any

 4     victim is outweighed by the burden on the sentencing

 5     process.

 6            And here the parties have agreed, as is

 7     memorialized in the proposed plea agreement, not to

 8     recommend that restitution be imposed on the basis of the

 9     exception that I just set forth.

10            And finally, Your Honor, the defendant is also

11     required to pay a $400 special assessment.

12            THE COURT:  All right, thank you.

13            With regard to the elements of the offense,

14     Mr. Fuqua, if this case were to be tried, the government

15     would have to prove the three things that Ms. Moser has

16     stated.

17            First, that there was a scheme or artifice to

18     defraud or to obtain money or property by materially false

19     and fraudulent pretenses, representations or promises;

20            Second, that the defendant knowingly and

21     willfully participated in the scheme or artifice to

22     defraud with the intent to defraud; and

23            Third, that in furtherance of the scheme, the

24     defendant used or caused to be used an interstate or

25     international wire transmission.

1              Do you understand that unless the government

2       could prove all three of those facts beyond a reasonable

3       doubt, the company could not be convicted?

4              CORPORATE REPRESENTATIVE:  I do, Your Honor.

5              THE COURT:  With regard to the maximum possible

6       penalties that could attach to a conviction of this

7       offense, it's my understanding that the law would permit

8       imposition of a fine of twice the gross gain to the

9       defendant or twice the gross loss to others, whichever is

10      greater.

11             Is the government able to estimate what that

12      maximum possible fine could be?

13             MS. MOSER:  Your Honor, the parties have had

14      discussions regarding both of their views on what the

15      potentials losses are, and the government has shared its

16      view with the defendant that the potential intended loss,

17      under the guidelines that is, could be as much as

18      $1.6 billion, which of course may or may not arguably

19      apply under the alternative fine provision that Your Honor

20      is mentioning.  But I think it's safe to say that that

21      would be a number well in excess of the $1 million

22      provided by the statute itself under 1343 and that the

23      alternative fine provision would provide for much greater

24      losses.  Whether they would encompass the intended loss

25      that we have looked at under the guidelines is not

1    something that I'm sure of, but there's certainly losses

2    well in excess of that provided by the wire fraud statute.

3            MR. BURNS:  And, Your Honor, while we certainly

4    acknowledge the government's position on loss or intended

5    loss amount, we don't agree with the calculation, but we

6    do agree that the proposed fine is -- we do agree that the

7    alternative fine provision applies and we do agree the

8    proposed fine is well within the alternative fine

9    provision.

10           THE COURT:  All right.

11           Mr. Fuqua, the applicable rules require me to

12   inform the company through you that were the company to

13   plead guilty to this offense, the maximum possible fine

14   could conceivably exceed $3 billion, do you understand,

15   sir?

16           CORPORATE REPRESENTATIVE:  I do, Your Honor.

17           THE COURT:  Mr. Burns, have you reviewed with

18   Mr. Fuqua the relevant provisions of the Federal

19   Sentencing Guidelines?

20           MR. BURNS:  Yes, Your Honor.

21           THE COURT:  Are you satisfied that he has a

22   sufficient understanding of how the guidelines would apply

23   here?

24           MR. BURNS:  I am satisfied, Your Honor.

25           THE COURT:  In the previous case, a presentence

1    report was prepared which included an application of the

2    guidelines.  Is that something that you have reviewed with

3    Mr. Fuqua in connection with this case?

4         MR. BURNS:  We haven't reviewed with Mr. Fuqua

5    the guideline calculation from the earlier case.  We had

6    reviewed how the guidelines could potentially apply to the

7    current circumstances, many of which are quite similar.

8         THE COURT:  All right.

9         Is it your belief that the proposed fine falls

10   within the guideline range?

11        MR. BURNS:  We do believe there is a basis to

12   arrive at the proposed fine under a guidelines

13   calculation, but we at the same time certainly think that

14   the proposed agreed upon fine is appropriate when applying

15   all the factors under 3553A, including the guidelines.

16        THE COURT:  Does the government believe that the

17   proposed fine falls within the applicable guideline range?

18        MS. MOSER:  It does.  The government echos the

19   position that Mr. Burns just articulated regarding its

20   careful consideration of the 3553A factors as well as a

21   guidelines analysis, recognizing, of course, Your Honor --

22   and this was certainly part of our submission in the case

23   against the Japanese subsidiary -- that there are several

24   approaches and ways to look at the guidelines under

25   Chapter 8 in considering a complex organization.

1          But it is the position of the government that

2     the proposed fine of $203 million and the sentence of

3     probation would be appropriate within the guidelines as

4     well as under Title 18.

5          THE COURT:  With regard to probation, what do

6     the parties have in mind?

7          MS. MOSER:  The proposal that's part of the

8     recommended sentence set forth in the plea agreement is a

9     term of three years probation, Your Honor, which falls

10    essentially right in the middle of the range set forth in

11    the guidelines of one to five years for a felony under

12    8D1.2.

13          THE COURT:  Thank you.

14          Mr. Fuqua, please understand that in addition to

15    the fine that we spoke about a moment ago, a guilty plea

16    would expose the company to other penalties under the

17    applicable statutes and guidelines.  These include a

18    sentence of up to five years probation.  While on

19    probation, the company would have to comply with certain

20    conditions, and were it to violate any condition, it could

21    be subjected to further penalties.

22          Have you discussed that with counsel?

23          CORPORATE REPRESENTATIVE:  I have, Your Honor.

24          THE COURT:  On the matter of restitution, the

25    law provides that restitution should be required for an

1    offense of this type, but the law recognizes that in

2    exceptional circumstances a Court may find that the

3    interest in affording restitution is outweighed by the

4    burden on the sentencing process.  In this instance, the

5    parties contemplate that the Court will make such a

6    finding.

7              I agreed in the previous case that the burden on

8    the sentencing process justified applying the exception.

9    Please understand, however, that under the law,

10   restitution could be ordered.  Do you understand, sir?

11             CORPORATE REPRESENTATIVE:  I do, Your Honor.

12             THE COURT:  With regard to conditions of

13   probation, have the parties talked about any particular

14   conditions?

15             MS. MOSER:  Your Honor, yes, they have.

16             As set forth in the plea agreement as part of

17   the sentencing recommendation, which is at paragraph 19,

18   there are certain subparagraphs that set forth that the

19   parties have agreed certain provisions should apply to any

20   term of probation imposed by the Court, and those include:

21             That UBS shall continue to implement a

22   compliance program designed to prevent and detect or

23   otherwise remediate the conduct that is set forth in two

24   attachments to the plea agreement.  One is Exhibit 1 and

25   one is Exhibit 3;

1            Another condition is that UBS shall continue to

2     strengthen its compliance program and internal controls as

3     required by other regulators with whom UBS has settled in

4     connection with the LIBOR and Foreign Exchange

5     investigations.

6            Those are just two such terms.  And of course

7     the parties are amenable to any other terms that the

8     probation office thinks are necessary.

9            THE COURT:  Thank you.

10           Mr. Fuqua, in addition to the fine, probation

11    with conditions and restitution, the company would have to

12    pay a special assessment in the amount of $400 and could

13    also be required to pay certain costs.

14           Do you understand all these possible

15    consequences of a plea of guilty?

16           CORPORATE REPRESENTATIVE:  I do, Your Honor.

17           THE COURT:  Under the Sentencing Guidelines and

18    the applicable statutes, the Court is required to impose a

19    sentence that is sufficient without being harsher than

20    necessary to serve certain purposes, including to impose

21    just punishment, reflect the seriousness of the offense

22    conduct, promote respect for law, and provide adequate

23    deterrence as well as restitution, if feasible.

24           In deciding what sentence is sufficient, the

25    Court is required to make certain findings by a

1    preponderance of the evidence based on information

2    provided by the parties, and as happened in the previous

3    case, I am going to ask for a presentence report and give

4    the parties an opportunity to submit sentencing memos or a

5    joint memo as they did last time.

6              After I've received the report and the parties'

7    input with regard to an appropriate sentence, I will then

8    be in a position to determine whether to accept the plea

9    agreement.  Until then, I can't be sure whether the plea

10   agreement that has been negotiated should be accepted as

11   sufficient.

12             Do you understand, sir?

13             CORPORATE REPRESENTATIVE:  I do.

14             THE COURT:  If I decide that it is sufficient,

15   then the agreement can be accepted and the company can be

16   sentenced in accordance with the agreement.  If not, then

17   the company will have an opportunity to withdraw a guilty

18   plea.

19             Do you understand, sir?

20             CORPORATE REPRESENTATIVE:  I do, Your Honor.

21             THE COURT:  Before we go further, if you would

22   like to have an opportunity to consult with counsel

23   privately, I'll be happy to give you that opportunity.

24   Otherwise we can simply proceed.

25             CORPORATE REPRESENTATIVE:  Happy to proceed,

1    Your Honor.

2            THE COURT:  All right.  At this point I need to

3    be sure that you understand the rights that the company

4    will be giving up by pleading guilty.

5            Please understand that the company has a right

6    to plead not guilty even if it is guilty.  Under the law,

7    any defendant can plead not guilty and require the

8    government to prove the case to the satisfaction of a

9    jury.

10           If the company were to plead not guilty, it

11   would be entitled to a trial by a jury consisting of 12

12   people drawn from the community who would be impaneled

13   after appropriate questions to determine their ability to

14   decide the case fairly and impartially based solely on the

15   evidence and the applicable law.

16           You would have a right to be represented by a

17   lawyer at the trial and at every other stage of the

18   proceeding, including any appeal; and by you, of course I

19   mean the company.

20           At the trial, the company would be presumed

21   innocent and the government would have to prove the

22   company's guilt beyond a reasonable doubt to the

23   satisfaction of all 12 members of the jury.  If the case

24   were tried, the company would have a right to be found not

25   guilty if the admissible evidence did not sustain a

1    finding of guilty beyond a reasonable doubt.

2            In the course of the trial, any witnesses for

3    the government would have to appear in court and testify

4    in the presence of the company's representatives.  The

5    company would have the right to see and hear and confront

6    and question any witnesses called by the government.  The

7    company would have a right to object to the testimony of

8    any witness for the government in whole or in part and ask

9    that the testimony be excluded, and the company would have

10   a right to object to and seek to exclude any other

11   evidence offered by the government.

12           The company would have a right to present

13   evidence if it wished to do so but it could not be

14   required to do so.  The company would have the right to

15   use subpoenas issued by the Court to compel the production

16   of evidence in its favor, including the testimony of

17   witnesses who did not want to appear voluntarily.  Again,

18   however, the company could not be required to present any

19   evidence or call any witnesses.

20           If the company pleads guilty, it will give up

21   its right to a trial.  Do you understand, sir?

22           CORPORATE REPRESENTATIVE:  I do, Your Honor.

23           THE COURT:  Before a guilty plea can be

24   accepted, the Court is required to be sure that there is

25   an adequate factual basis for the plea of guilty.  The

1    Court is not permitted to accept a guilty plea unless it

2    is satisfied that the defendant is in fact guilty.  This

3    means that I will have to ask you what the company did

4    that makes it guilty of this offense and you will be

5    obliged to answer my question waiving whatever right the

6    company might have to decline to speak on this subject and

7    incriminate itself.

8              Do you understand?

9              CORPORATE REPRESENTATIVE:  I do, Your Honor.

10             THE COURT:  If the company pleads guilty and the

11   plea is accepted, the company will be giving up any

12   defenses that it might have to this charge.  In addition,

13   a guilty plea constitutes a waiver of the right to object

14   or appeal on the basis of anything that has happened

15   before now.  Accordingly, if the company believes that its

16   legal rights have been violated in some way in connection

17   with the investigation or prosecution of the case thus

18   far, the company will be waiving any and all such claims.

19             Do you understand?

20             CORPORATE REPRESENTATIVE:  I do, Your Honor.

21             THE COURT:  Is the company willing to give up

22   its right to a jury trial and the other rights that I have

23   discussed?

24             CORPORATE REPRESENTATIVE:  It is, Your Honor.

25             THE COURT:  Is anybody threatening the company

1    to get the company to give up its rights to a jury trial

2    and these other rights?

3              CORPORATE REPRESENTATIVE:  No, Your Honor.

4              THE COURT:  The company, through you, its

5    authorized representative, is acting knowingly and

6    voluntarily after adequate consultation and review with

7    counsel?

8              CORPORATE REPRESENTATIVE:  It is, Your Honor.

9              THE COURT:  With regard to the plea agreement,

10   can you confirm, Mr. Fuqua, that you have read the

11   agreement in full?

12             CORPORATE REPRESENTATIVE:  I can, Your Honor.

13             THE COURT:  And reviewed it with your counsel in

14   detail?

15             CORPORATE REPRESENTATIVE:  Yes.

16             THE COURT:  Are you satisfied that you

17   understand the agreement?

18             CORPORATE REPRESENTATIVE:  I am, Your Honor.

19             THE COURT:  Mr. Burns, are your satisfied that

20   Mr. Fuqua acting as the company's representative

21   understands the terms of the plea agreement?

22             MR. BURNS:  I am, Your Honor.

23             THE COURT:  Can you confirm that you have

24   reviewed the agreement in detail with him?

25             MR. BURNS:  In detail, yes, Your Honor.

1          THE COURT:  All right, thank you.

2          Let me ask counsel for the government to please

3   review the essential terms of the agreement at this time.

4          MS. MOSER:  Of course, Your Honor.

5          As an initial matter, the defendant, UBS AG, has

6   acknowledged that certain of its employees committed

7   criminal conduct that violated the non-prosecution

8   agreement entered into with the government in December of

9   2012 with which Your Honor is familiar.  And by the terms

10  of the current agreement, UBS agrees that it will not make

11  any public statement that contradicts its acceptance of

12  responsibility for the conduct set forth in Exhibit 3 to

13  the plea agreement relating to LIBOR and other IBORS or

14  contradicting the facts that are set forth in Exhibit 1 to

15  the plea agreement which sets forth the factual basis for

16  the breach of the non-prosecution agreement.

17          In exchange for the defendant's guilty plea to

18  the wire fraud charge on or about June 29, 2009, the

19  Criminal Division agrees and has agreed by the terms of

20  the plea agreement that it won't file any additional

21  criminal charges against the defendant or any of its

22  affiliates or subsidiaries relating to any of the conduct

23  described in Exhibit 3, relating to UBS's submissions for

24  the additional benchmark rates that were listed in

25  Appendix C to the December 2012 non-prosecution agreement,

1    relating to information disclosed by information to the

2    Criminal Division prior to today's date, relating to

3    Foreign Exchange spot trading markets, relating to

4    information disclosed by the defendant to the Criminal

5    Division prior to today's date, relating to precious

6    metals trading markets, and relating to information

7    disclosed by the defendant to the Criminal Division prior

8    to today's date relating to UBS's V10 currency indices.

9         UBS has also knowingly, intelligently and

10   voluntarily waived its right to appeal its conviction in

11   this case, the right to appeal the sentence imposed by the

12   Court in accordance with Rule 11C and the right to bring

13   any collateral challenge, including challenges under 2255

14   challenging either the conviction or the sentence imposed

15   in this case.

16        As Your Honor knows and we've discussed briefly

17   today, there is a sentencing recommendation contained

18   within the plea agreement which provides that under Rule

19   11(c)(1)(C), the parties agree that the appropriate

20   disposition of this case and are recommending jointly that

21   Your Honor impose are a sentence requiring the defendant

22   to pay to the United States a criminal fine in the amount

23   of $203 million, no order of restitution as previously put

24   on the record in this proceeding, and the $400 special

25   assessment.

1          We've already discussed with Your Honor certain

2     of the terms of probation that are proposed for the

3     recommended three year term of probation.

4          And there are also terms set forth in the

5     agreement addressing rights of the parties should the

6     Court not accept the proposed agreement as well as what

7     happens in the event of a breach of the agreement.

8          And finally, paragraph 29 states that all of the

9     terms of the agreement between UBS and the Criminal

10    Division are set forth in the agreement and it represents

11    the complete agreement.

12         There is one addendum at paragraph 30 regarding

13    a separate agreement entered into by the defendants with

14    the Antitrust Division of the Department of Justice.  Of

15    course, it's separate and apart from the Criminal

16    Division.

17              THE COURT:  Thank you.

18         Mr. Fuqua, is that an accurate summary of the

19    basic terms of the plea agreement?

20              CORPORATE REPRESENTATIVE:  It is, Your Honor.

21              THE COURT:  With regard to the waiver of the

22    right to appeal or collaterally attack the conviction, the

23    agreement provides that the company waives its rights to

24    appeal or collaterally attack a conviction or sentence if

25    the sentence does not exceed a fine of $203 million.

1            Is the company voluntarily waiving its right to

2    appeal or collaterally attack a conviction and sentence as

3    part of the overall plea agreement here?

4            CORPORATE REPRESENTATIVE:  We do, Your Honor.

5            THE COURT:  Other than the promises and

6    provisions contained in the plea agreement and summarized

7    by counsel, has anyone made any other promises that have

8    caused the company to want to plead guilty?

9            CORPORATE REPRESENTATIVE:  No, Your Honor.

10           THE COURT:  Has anybody threatened the company

11   to induce it to enter into this plea agreement?

12           CORPORATE REPRESENTATIVE:  No, Your Honor.

13           THE COURT:  Mr. Fuqua, are you satisfied that

14   the company, acting through its duly authorized officers

15   and directors, understands the terms of this plea

16   agreement?

17           CORPORATE REPRESENTATIVE:  I am, Your Honor.

18           THE COURT:  And that the company knowingly and

19   voluntarily has decided to enter into this agreement

20   believing it to be in the company's best interest?

21           CORPORATE REPRESENTATIVE:  We have, Your Honor.

22           THE COURT:  Mr. Burns, is it your belief that

23   entering into this plea agreement is in the company's best

24   interest all things considered?

25           MR. BURNS:  Yes, Your Honor.

1          THE COURT:  Please briefly explain the basis for

2     your opinion.

3          MR. BURNS:  We believe that the plea agreement

4     represents an agreed upon resolution that is appropriate

5     in light of the nature of the alleged conduct and the

6     participation by certain bank employees in the conduct,

7     the nature of the charges, in our view of available

8     defenses, as well, Your Honor.

9          THE COURT:  Thank you.

10          Ms. Moser, is it the government's view that it

11     has a strong case against the company with regard to the

12     charge in the information?

13          MS. MOSER:  Yes, it is, Your Honor.

14          THE COURT:  If the case were tried, is it your

15     belief that the government could prove beyond a reasonable

16     doubt the facts contained in the statements of fact

17     attached to the plea agreement at Exhibit 3?

18          MS. MOSER:  Yes, Your Honor the company has

19     admitted that full statement of facts as part of its

20     non-prosecution agreement in 2012.

21          THE COURT:  Mr. Fuqua, have you reviewed the

22     statements of fact attached to the plea agreement at

23     Exhibit 3?

24          CORPORATE REPRESENTATIVE:  I have, Your Honor.

25          THE COURT:  Have you discussed that statement of

1    facts in detail with counsel?

2         CORPORATE REPRESENTATIVE:  I have, Your Honor.

3         THE COURT:  Does the company agree to the

4    accuracy of the facts set out in that statement?

5         CORPORATE REPRESENTATIVE:  We do, Your Honor.

6         THE COURT:  Did the company engage in the

7    conduct attributed to it in the statement of facts?

8         CORPORATE REPRESENTATIVE:  We did, Your Honor.

9         THE COURT:  Did the company's employees commit

10   the conduct with the mental state described in the

11   statement of facts?

12        CORPORATE REPRESENTATIVE:  They did, Your Honor.

13        THE COURT:  The plea agreement has been signed

14   by counsel and by Mr. Fuqua and it will be filed.

15        At this time, Mr. Fuqua, I can ask the clerk to

16   read the information or you can waive a reading.

17        CORPORATE REPRESENTATIVE:  We waive reading,

18   Your Honor.

19        THE COURT:  All right.  Then I'll ask the clerk

20   to put the company to its plea.

21        Would you please stand.

22        THE CLERK:  United States of America v. UBS AG,

23   Criminal Number 15:CR76(RNC) Information.  The United

24   States Department of Justice Criminal Division Fraud

25   Section charges in Count One:  The defendant is in

1    violation of Title 18 United States Code Sections 1343 and

2    2.

3              To Count One, how do you plead?

4              CORPORATE REPRESENTATIVE:  Guilty, Your Honor.

5              THE CLERK:  Guilty, Your Honor.

6              THE COURT:  Please be seated.

7              On the basis of Mr. Fuqua's statements on behalf

8    of the company, in particular his answers to my questions,

9    the remarks of counsel for the company, the remarks of

10   counsel for the government, my review of the plea

11   agreement, including the statement of facts to which the

12   parties have agreed, and my familiarity with the subject

13   matter based on the previous case and my review of the

14   filings in this case, I find that Mr. Fuqua is duly

15   authorized to act on behalf of the company; that the

16   company has knowingly and voluntarily waived its right to

17   indictment by a grand jury; that the company is

18   competently represented by Mr. Fuqua in his capacity as

19   the representative of the company as well as its counsel

20   of record; that the company understands the charge set out

21   in the information and the maximum possible penalties;

22   that the company knows and understands its right to a jury

23   trial and the rights it would have at any trial and on any

24   appeal; that the company has knowingly and voluntarily

25   waived its right to a trial and the other rights that we

1    have discussed today; that the company has decided to

2    plead guilty to a charge in the information because it is

3    in fact guilty; that the company's plea of guilty is a

4    knowing and voluntary plea supported by an adequate

5    factual basis as to each of the three essential elements

6    of the offense; and accordingly, that a finding of guilty

7    may enter.  Therefore, the company's plea of guilty is

8    hereby accepted and a finding of guilty will enter now.

9            The case will be referred to the probation

10   office for a presentence investigation and preparation of

11   a presentence report.

12           As mentioned earlier, it will be helpful to have

13   a presentence report as well as further input from the

14   parties with regard to the appropriateness of the agreed

15   upon disposition.  I will ask the clerk to confer with

16   counsel to set a schedule for preparation of a report,

17   submission of sentencing memos, and a sentencing hearing

18   date.

19           If it should turn out that I have questions for

20   the parties, I may ask to arrange a conference by

21   telephone in advance of further submissions by the

22   parties.

23           Subject to the parties' views and any conference

24   with the clerk regarding scheduling, I'm going to suggest

25   a proposed schedule to you.  I won't sign it until you've

1   had a chance to be sure that it will work.

2           Tentatively the initial presentence report would

3   be disclosed July 20.  Parties would have an opportunity

4   to submit comments to the probation office by August 3,

5   and the final report would issue August 13.  The company's

6   sentencing memo would be due August 20 and the

7   government's response August 25, and the hearing would be

8   held on August 31 at 10:00 a.m.

9           If that schedule works, fine, if not, fine.  As

10  I said, I'll ask the clerk to confer with counsel to come

11  up with a schedule that does work for everybody.

12          Is there anything further that we need to do at

13  this time?

14          MS. MOSER:  Your Honor, the government wanted to

15  just note that certainly between now and sentencing that

16  it will file something regarding its view of the

17  appropriate and reasonable way to notify victims in this

18  matter.

19          If I could have one moment to confer with

20  Mr. Burns?

21          THE COURT:  Sure.

22              (Pause)

23          MS. MOSER:  Your Honor, thank you.  And after

24  conferring with counsel, we thought if in Your Honor's

25  view you thought it appropriate, that you might make a

```
 1      recommendation to the probation office that the same

 2      probation officer, if she is in fact still with the

 3      office, handle this matter that handled the subsidiary

 4      matter.  Because we worked well with her and she had some

 5      familiarity with the subject matter.  And I believe her

 6      name was Kristen Moran.

 7                  THE COURT:  Yes.

 8                  MS. MOSER:  Thank you.

 9                  MR. BURNS:  Your Honor, one small matter.

10                  We would ask, and this was done in a prior case

11      as well, that the transcripts identify "corporate

12      representative" rather than "Mr. Fuqua" when Mr. Fuqua is

13      speaking.

14                  THE COURT:  That's fine.

15                  MR. BURNS:  Thank you, Your Honor.

16                  THE COURT:  Thank you.

17                       (Proceedings adjourned at 11:36 a.m.)

18

19

20

21

22

23

24

25
```

1                    C E R T I F I C A T E

2

3                 In Re: U.S. vs. UBS AG

4

5

6           I, Darlene A. Warner, RDR-CRR, Official Court

7    Reporter for the United States District Court for the

8    District of Connecticut, do hereby certify that the

9    foregoing pages are a true and accurate transcription of

10   my shorthand notes taken in the aforementioned matter to

11   the best of my skill and ability.

12

13

14

15

16                    /s/_____

17                    DARLENE A. WARNER, RDR-CRR
                       Official Court Reporter
                       450 Main Street, Room #223
18                    Hartford, Connecticut 06103
                         (860) 547-0580

19

20

21

22

23

24

25